# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

South Carolina Public Interest Foundation, and William
B. DePass, Jr., individually, and on behalf of all others
similarly situated, Appellants,

v.

The City of Columbia, Richland County, and Fairfield
County, Respondents.

Appellate Case No. 2017-000617

———————

Appeal From Richland County
L. Casey Manning, Circuit Court Judge

———————

Opinion No. 5740
Heard March 17, 2020 – Filed July 8, 2020

———————

**AFFIRMED**

———————

James G. Carpenter and Jennifer J. Miller, both of
Carpenter Law Firm, PC, of Greenville, for Appellants.

Burnet Rhett Maybank, III and James Peter Rourke, both
of Nexsen Pruet, LLC, of Columbia, for Respondent the
City of Columbia.

Ray E. Jones and Walter Hammond Cartin, both of
Parker Poe Adams & Bernstein, LLP, of Columbia, for
Respondents Richland County and Fairfield County.

———————

**LOCKEMY, C.J.:**  The South Carolina Public Interest Foundation and William DePass, Jr. (collectively, Appellants) appeal the grant of summary judgment in favor of the City of Columbia, Richland County, and Fairfield County (collectively, Respondents).  The circuit court found the inclusion of residential student dormitories in a multi-county industrial and business park and the granting of special source revenue credits (tax credits) to the dormitories does not violate the South Carolina Constitution or various statutory provisions.  We affirm the circuit court's order of summary judgment.

## FACTS

In 2003, Richland and Fairfield counties entered into an agreement governing the development of the I-77 Corridor Regional Industrial Park (the Park).  The Park was developed under section 4-1-170 of the South Carolina Code (Supp. 2019)[1] and article VIII, section 13(D) of the South Carolina Constitution,[2] and it received tax incentives.  The City of Columbia joined the agreement in 2014 by passing ordinances that allowed private developers to construct multi-story student dormitories as part of the Park.

Appellants filed a complaint for a declaratory judgment, alleging article VIII, section 13(D) of the South Carolina Constitution and the enabling statute, section 4-1-170, did not authorize Respondents to include residential dormitories in a multicounty business and industrial park.  The parties filed cross-motions for summary judgment.

The circuit court granted summary judgment in favor of Respondents.  The circuit court found private dormitories are not residential, may be placed within an industrial or business park, and are commercial establishments that fall within the intent of the constitutional and statutory provisions.  The court noted the dormitories are taxed as commercial properties and not "legal residences" under the constitution because the dormitories are not owner-occupied.  The court stated the dormitories are engaged in commercial "business" activity by leasing and providing specific dormitory-related services.

---

[1]§ 4-1-170 (providing counties may develop industrial or business parks by agreement).
[2]S.C. Const. art. VIII, § 13(D) (providing "[c]ounties may jointly develop an industrial or business park with other counties within the geographical boundaries of one or more of the member counties").

**ISSUE ON APPEAL**

Does the inclusion of student dormitories in a business or industrial park and the granting of tax credits to the dormitories violate the South Carolina Constitution and enabling statutes?

**STANDARD OF REVIEW**

This court reviews the grant of a summary judgment motion under the same standard applied by the trial court pursuant to Rule 56(c), SCRCP. *Cowburn v. Leventis*, 366 S.C. 20, 30, 619 S.E.2d 437, 443 (Ct. App. 2005). Rule 56(c), SCRCP, provides that summary judgment shall be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." "The purpose of summary judgment is to expedite the disposition of cases not requiring the services of a fact finder." *Matsell v. Crowfield Plantation Cmty. Servs. Ass'n, Inc.*, 393 S.C. 65, 70, 710 S.E.2d 90, 93 (Ct. App. 2011).

In this case, no material facts are disputed because the parties stipulated the facts. Therefore, we need not determine whether there are genuine issues of fact; instead, we are only concerned with the resolution of the questions of law. *See S.C. Pub. Interest Found. v. Greenville County*, 401 S.C. 377, 385, 737 S.E.2d 502, 506 (Ct. App. 2013).

**LAW/ANALYSIS**

Richland and Fairfield Counties argue Appellants lack standing. As Appellants's claims fail on the merits, we decline to address the question of standing. *See Bodman v. State*, 403 S.C. 60, 69, 742 S.E.2d 363, 367 (2013) (electing not to address standing when the party's claims will fail on the merits).

This appeal centers on the meaning of "industrial or business" in the application of the statute. Appellants contend the student dormitories are residential and do not fall within the definition of "industrial or business." We hold these dormitories are commercial enterprises that fall within the definition of "business."

The South Carolina Constitution provides for the establishment of industrial or business parks as follows:

(D) Counties may jointly develop an *industrial or business park* with other counties within the geographical boundaries of one or more of the member counties. The area comprising the parks and all property having a situs therein is exempt from all ad valorem taxation. The owners or lessees of any property situated in the park shall pay an amount equivalent to the property taxes or other in-lieu-of payments that would have been due and payable except for the exemption herein provided. The participating counties shall reduce the agreement to develop and share expenses and revenues of the park to a written instrument which is binding on all participating counties.

S.C. Const. art. VIII, § 13(D) (emphasis added). The correlating statutory provision provides:

(A) By written agreement, counties may develop jointly an *industrial or business* park with other counties within the geographical boundaries of one or more of the member counties as provided in Section 13 of Article VIII of the Constitution of this State. The written agreement entered into by the participating counties must include provisions which:
(1) address sharing expenses of the park;
(2) specify by percentage the revenue to be allocated to each county;
(3) specify the manner in which revenue must be distributed to each of the taxing entities within each of the participating counties.

S.C. Code Ann. § 4-1-170(A) (Supp. 2019) (emphasis added).

When a statute is unambiguous we must apply the statute as it is written. *See, e.g.*, *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000) ("Whe[n] the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning.").

"Whe[n] a word is not defined in a statute, our appellate courts have looked to the usual dictionary meaning to supply its meaning." *Berkeley Cty. Sch. Dist. v. S.C. Dep't of Revenue*, 383 S.C. 334, 345, 679 S.E.2d 913, 919 (2009) (quoting *Lee v. Thermal Eng'g Corp.*, 352 S.C. 81, 91-92, 572 S.E.2d 298, 303 (Ct. App. 2002)); *see also Centex Int'l, Inc. v. S.C. Dep't of Revenue*, 406 S.C. 132, 144, 750 S.E.2d 65, 71 (2013) (relying on *Black's Law Dictionary* and *Merriam-Webster's Collegiate Dictionary* to provide the meaning of a word not defined in the statute).

*Black's Law Dictionary* defines "business" as "[a] commercial enterprise carried on for profit." *Business*, *Black's Law Dictionary* (11th ed. 2019). *The American Heritage College Dictionary* defines "business" as a "[c]ommercial, industrial, or professional dealings" and as a "[c]ommercial enterprise or establishment." *Business*, *The American Heritage College Dictionary* (3d ed. 1997).

Here, the parties stipulated the dormitories "engage in the continuous activity of letting beds to students through the entering of a lease or other contractual arrangements between the student and the developer or property manager." We hold this type of activity is commercial, not residential, in nature. The dormitories engage in continuous commercial activity, are not owner-occupied, and are zoned commercially. The dormitories are classified as commercial properties because they involve the operating and leasing of off-campus accommodations for college students and the provision of specific services, including security, property management, and planned recreational activities. Because the word "business" in its ordinary meaning refers to commercial enterprises or activities, we find the dormitories satisfy the "business" requirement, and their inclusion in the industrial or business park does not violate the South Carolina Constitution or section 4-1-170.

Appellants contend this court must consider sections 4-29-10 and 4-29-68 of the South Carolina Code (1986 & Supp. 2019) in our analysis; however, we find these sections do not undermine our conclusion. Appellants argue the definition section of section 4-29-10 states that a "project" in an industrial or business park can be a residential or mixed-use development but must consist of at least 2,500 acres of land. S.C. Code Ann. § 4-29-10 ("'Project' means any land and any buildings and other improvements on the land including . . . residential and mixed use developments of two thousand five hundred acres or more . . . ."). While we agree the dormitories do not contain at least 2,500 acres, because they are commercial—not residential—properties, this definition is satisfied here. Further, section 4-29-68, a lengthy statute repeatedly referencing the permissible purposes of

"projects," does not conflict with our finding that these developments satisfy the definition of "project" in 4-29-10 because they are commercial.

**CONCLUSION**

For the foregoing reasons, we affirm the circuit court's grant of summary judgment in favor of Respondents.

**AFFIRMED.**

**MCDONALD and HEWITT, JJ., concur.**